**James Darryl ALLEN, Petitioner—Appellant,**

v.

**Gail LEWIS, Warden, Pleasant Valley State Prison Respondent—Appellee.**

No. 05–17050.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 26, 2006.

Filed Aug. 10, 2006.

Michael Satris, Esq., Bolinas, CA, for Petitioner–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable John R. Gibson, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

Ronald Bass, AUSA, USSF—Office of the U.S. Attorney, Peggy S. Ruffa, California Department of Industrial Relations, Division of Workers' Compensation, Dane R. Gillette, Esq., AGCA—Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: SILVERMAN and RAWLINSON, Circuit Judges, and BERTELSMAN, Senior District Judge.*

## MEMORANDUM **

Darryl Allen appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition, which claimed he had been denied the effective assistance of counsel during his trial for the robbery of a Goodwill store. We affirm.

It is well established that to succeed on a claim of ineffective assistance of counsel, the petitioner must show both that his counsel's performance was constitutionally deficient, and that his counsel's deficient performance prejudiced him in such a manner as to deprive him of a fair trial. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The proper standard for counsel's performance is that of reasonableness. *Id.* Judicial scrutiny of counsel's performance must be highly deferential, and the petitioner must overcome the presumption that the challenged action might be considered a reasonable trial strategy. *Id.* at 689, 104 S.Ct. 2052.

The petitioner challenges his counsel's assistance in two respects. First, he asserts that counsel was ineffective because he failed to object to the prosecutor's reference to him and a known accomplice as being brothers when the evidence did not support such a statement. Second, he asserts that counsel failed to call two witnesses that would have provided exculpatory evidence.

The court finds that the trial court did not err in holding that the state court properly applied *Strickland* when it found that defense counsel's conduct constituted a reasonable strategy. It is reasonable that defense counsel decided not to object to the prosecution's reference to the two being brothers because: 1) the evidence had established a familial relationship and counsel found that the specific relationship was not a critical distinction; 2) counsel did not want to add credibility to the prosecutor's insinuation that this fact had any relevance to the issue of who robbed the store; and/or 3) counsel did not want to appear to the jury to be desperate, argumentative or hyper-technical.

In addition, it is also evident from the transcript that defense counsel had a reasonable strategy not to call the witnesses at issue. Although the witnesses possessed information that would aid the defense, they also possessed damaging testimony that connected the petitioner to a motorcycle that was similar to the one used in the robbery.

Moreover, even if the petitioner could overcome the presumption that his counsel's decisions were sound trial strategy, the conviction will not be set aside absent a showing that he was actually prejudiced by counsel's conduct. *Strickland,* 466 U.S.

---

* The Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

at 691, 104 S.Ct. 2052. The petitioner did not meet this burden.

**AFFIRMED.**